UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| KIMBERLY DAWN STUBBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:04-MC-35 |
| | ) | |
| LOUIS J. RAMPINO, FREEMONT | ) | Judge Curtis L. Collier |
| INVESTMENT & LOAN, DOES, ROES, | ) | |
| and MOES 1-100, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M  &  O R D E R**

Plaintiff Kimberly Dawn Stubbert ("Plaintiff") filed the above-captioned action on December 9, 2004 (Court File No. 1) and Defendants Freemont Investment & Loan and Louis J. Rampino (collectively, "Defendants") each filed motions to dismiss on January 7, 2005 (Court File Nos. 2, 3). After receiving an extension of time from the Court, Plaintiff filed an affidavit in response to Defendants' motions to dismiss (Court File No. 11). In her complaint, Plaintiff purports to invoke the Court's jurisdiction under 28 U.S.C. §§ 1333, 1337, 2461, and 2463 (Court File No. 1, ¶ 4). Defendants contend the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and/or pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Where, as here, a motion to dismiss under Rule 12(b)(1) takes the form of a facial attack, the Court is required to take the allegations in the complaint as true and consider whether the plaintiff can show "any arguable basis in law for the claim made." *Musson Theatrical, Inc. v. Fed. Express*

*Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). In doing so, the Court must construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether "it appears beyond doubt" the plaintiff can prove no set of facts consistent with the allegations which would entitle the Court to exercise jurisdiction over the action. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *see also Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). The party claiming jurisdiction bears the burden of persuading the Court it has subject matter jurisdiction. *Am. Fed. of Govt. Employees v. Clinton*, 180 F.3d 727, 729 (6th Cir. 1999).

Plaintiff contends the Court has jurisdiction over this matter pursuant to its admiralty jurisdiction, 28 U.S.C. § 1333, claiming all parties to the action are "U.S. VESSELS" and the "docket file and the lawsuit" are "cargo" (Court File No. 1, ¶¶ 8-9). "[A] party seeking to invoke federal admiralty jurisdiction . . . over a tort claim must satisfy condition both of location and of connection with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.* 513 U.S. 527, 534, 115 S. Ct. 1043, 1048, 130 L. Ed. 2d 1024 (1995). The location test requires that the alleged injury have occurred in "navigable waters of the United States" and be caused by a "vessel." *Id.* at 534-35, 115 S. Ct. at 1049. The connection test requires the Court to determine both (1) the alleged incident has a potentially disruptive impact on maritime commerce, and (2) the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. *Id.* at 538-40, 115 S. Ct. at 1051. Both tests must be satisfied in order for the Court to exercise its admiralty jurisdiction. Plaintiffs appears to claim she and Defendants are "vessels," but 1 U.S.C. § 3 generally defines a vessel to encompass "every description of

2

watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." Whatever vagaries may exist in the case law interpreting this definition, the Court can conceive of no rational interpretation of this language which would suggest a person or business entity qualifies as a vessel. In any event, nowhere has Plaintiff alleged Defendants' actions have any connection with a navigable waterway, have any impact (disruptive or otherwise) on maritime commerce, or are substantially related in any way to traditional maritime activity.

Plaintiff also purports to rely on the Court's antitrust jurisdiction, 28 U.S.C. § 1337, but has not asserted any such causes of action or alleged any facts relating to restraints on trade and/or monopolies. Plaintiff further cites 28 U.S.C. § 2461 which provides for a civil action as a means to recover on a civil fine, penalty, or forfeiture imposed for a violation of an Act of Congress. However, nowhere has Plaintiff alleged such a fine, penalty, or forfeiture has previously been imposed upon Defendants or that she is authorized to recover such. Finally, Plaintiff cites to 28 U.S.C. § 2463, but this statute relates to property "property taken or detained under any revenue law of the United States" and, in any event, does not provide for any independent basis for the exercise of jurisdiction.

Plaintiff's response to Defendants' motion is comprised of a series of sworn statements disclaiming awareness of any "competent evidence" Defendants have not waived, admitted, or agreed to certain matters relating to notice and/or assorted issues of fact and law (Court File No. 11). Nowhere, however, has Plaintiff elaborated on why she and/or Defendants should be deemed "vessels" or why or how the Court otherwise has jurisdiction over this matter. Thus, even accepting all of Plaintiff's factual allegations as true, those allegations fail to set forth a basis upon which the Court may exercise jurisdiction over this action. Accordingly, the Court hereby **GRANTS**

3

Case 1:04-mc-00035   Document 14   Filed 06/20/05   Page 3 of 4   PageID #: 3

Defendants' motions to dismiss (Court File Nos. 2, 3), **DISMISSES** the complaint in the above-styled action, and **ORDERS** the Clerk of Court to close this case.

**SO ORDERED.**

**ENTER:**

___/s/___
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**
